**In re Estate of Boyce**

C.P. of Philadelphia County, O.C. No. 1123 IC of 2013

HERRON, *J.*, April 9, 2014—

## Introduction

The appeal that has been filed on behalf of Marita K. Boyce raises the question of whether objections to the procedure for her adjudication of incapacity may be raised for the first time on appeal where none of these issues were presented to the Orphans' Court prior to the filing of the appeal. Beyond this issue of waiver is the larger question of whether the best interests of Marita Boyce would be served if the appeal were quashed so that a prompt, expeditious review hearing pursuant to 20 Pa.C.S. § 5512.2 could be held to protect her interests. Because of the extreme seriousness of the process for adjudicating a person incapacitated, this court is alarmed by the cat and mouse behavior of persons who have entered and then withdrawn their appearance on Ms. Boyce's behalf. It is therefore respectfully suggested that the appeal should be quashed so that a review hearing can be held to protect the rights of Marita Boyce. So long as the appeal process continues, she will remain as an adjudicated incapacitated person.

## Background

On August 29, 2013, the Philadelphia Corporation for the aging filed a petition for the adjudication of incapacity and the appointment of a plenary guardian of the person and estate of Marita Boyce, an alleged incapacitated person. The petition stated that Ms. Boyce is a seventy-one year old women who resides in Philadelphia. PCA stated that it had received and investigated a report that Ms. Boyce was in need of protective services. It stated that she suffered from a mild dementia that interfered with her ability to make informed judgments about personal safety, medical care and finances. It proposed attorney Debra Speyer to serve as guardian. By decree dated September 17, 2013, this court issued a preliminary decree

that awarded a citation directed to Marita Boyce to show cause why she should not be adjudged an incapacitated person at a hearing to be held on October 30, 2013. The preliminary decree ordered that at least 20 days prior to the court hearing the citation and petition should be personally served on Ms. Boyce. It clearly specified that the contents and terms of the citation should be read and explained "to the maximum extent possible in language and terms the alleged incapacitated person is most likely to understand." It also required notice by personal service or certified mail to all persons who would be entitled to share in the estate of the alleged incapacitated person.

Because of the inability to obtain service, an amended preliminary decree was issued on October 28, 2013 reiterating the same requirements of the September 17th decree that a new alias citation and petition be personally served on Ms. Boyce with appropriate notice to all other parties in interest with a hearing scheduled for December 11, 2013. By decree dated December 2013, a new hearing date was scheduled for January 7, 2014. Once again, a new alias citation was awarded directed to Marita Boyce and petitioners were once again required to provide personal service of alias citation, petition and notice on Marita Boyce. An affidavit of service dated December 16, 2013 was filed by George Phillips, of Dennis Richman Services, 1500 John F. Kennedy Boulevard, that on December 16, 2013 at 2:50 p.m. he made personal service of the alias citation and petition on Marita Boyce at 3034 Cedar Street. The affidavit stated that the documents were read to Ms. Boyce "explaining to her to the maximum extent possible, in language and terms she is most likely to have understood, the content and terms of same, and leaving same with her."[1]

---

1. *See* docket entries for Marita K. Boyce, an alleged incapacitated

By letter dated December 17, 2013, David Nagel, assistant counsel for the PCA, notified this court that after she was served with the alias citation, Ms. Boyce requested to be represented by counsel. In response to this letter, on December 17, 2013, this court appointed Suzanne Pritchard, an attorney highly experienced in these matters, to represent Marita Boyce. On December 24,2013, Margaret Boyce Furey (hereinafter Ms. Furey), who is the sister of Marita Boyce as well as an attorney, filed an entry of appearance on behalf of Marita Boyce. On that same date, she filed a demand for a jury trial. On the day prior to the scheduled January 7, 2014 hearing, Ms. Furey withdrew her appearance. At no point before or thereafter did Ms. Furey file any objections to the petition nor did she appear at the two hearings that were scheduled first for January 7, 2014 and then for February 12, 2014. At no point, did Ms. Furey formally — or informally — alert the court of an intention to replace Ms. Pritchard as counsel for Marita Boyce.

At the January 7, 2014 hearing, the court immediately tackled the issue of representation of Marita Boyce. After noting the presence of David Nagel, as counsel for PCA, and of Ms. Pritchard, as appointed counsel for Marita Boyce, the following colloquy occurred:

THE COURT:

My intention today was to struggle through the process of who represents whom. And Ms Furey requested a jury trial at one point, something that's seldom, if ever, occurs around here.

So I frankly had thought that I would review the status of the matter and who represents whom with you today

---

person, O.C. No. 1123 AI of 2013 at February 19, 2014 (Hearing exhibits filed).

and *then continue the matter for a jury trial, if that was going to be the direction this matter took.* And then Miss Furey withdrew her representation and so the jury demand is no longer there and here we are today.[2]

In response, Ms. Pritchard stated that she had spoken with her client as well with family members and interested parties who were unable to be present at the January hearing. She therefore requested that the hearing be relisted for a later date. The court agreed and gave the date of February 12, 2014 at 3:30 p.m. on the record as the new hearing date. A decree dated January 7, 2014 that appears on the docket reiterated that the hearing had been continued to February 12, 2014.

At the February 12, 2014 hearing, Mr. Nagel and Ms. Pritchard once again returned as counsel, but no party appeared to raise any objections. An affidavit of service on all interested parties was presented by Mr. Nagel. The written deposition of Dr. Kenneth Rosenstein was admitted after Ms. Pritchard concurred with his diagnosis. Both the PEF Code at section 5518 and the Philadelphia Orphans' Court Rules at rule 14.2.B.(8)(a) provide for testimony at Incapacity hearings by written deposition by qualified persons.[3] The court inquired whether Marita Boyce was present and was informed by Mr. Nagel that efforts to reach her had been to no avail and "maybe she left the home and she did not want to attend today."[4]

---

2. 1/7/14 N.T. at 4 (emphasis added).

3. Philadelphia O.C. Rule 14.2.B(8)(a) provides:
Evidence of Incapacity
(a) Testimony: The petitioner must present testimony, whether in person or by deposition, from individuals qualified by training and experience in evaluating incapacities of the type alleged by petitioner, which establishes the nature and extent of the alleged incapacities and disabilities, and the person's mental, emotional and physical condition, adaptive behavior and social skills.

4. 2/12/2014 N.T. at 3 (Nagel).

The written interrogatories of Dr. Rosenstein stated that the incapacitated person's physical or mental condition would not be harmed by her presence at the hearing. He then addressed the following question: "Should the alleged incapacitated person refuse to attend the hearing, would compelling his/her attendance be harmful to him or her physical mental condition?" His response: "Yes, it would."[5]

Testimony by Kay Boyce, the sister-in-law of Marita Boyce, was also presented in support of the petition. Kay Boyce stated that Marita had been taken advantage financially by neighbors and people who did "shoddy" work. One recent night, Marita Boyce was found under three blankets due to lack of heat in her home. Kaye Boyce expressed the opinion that Marita Boyce would be better protected and cared for in assisted living. She expressed the belief that Margaret Boyce (Furey) had been named as Marita's agent under a power of attorney. Ms. Furey, however, has never informed this court of that agency.

By decree dated February 18, 2014 Marita Boyce was adjudicated as an incapacitated person in need of guardianship services and Robert Stump was appointed plenary guardian of her person and estate. Once again, an affidavit of service was filed by George Phillips that he had personally served Marita K. Boyce with this February 18, 2014 decree, "reading same to her, and explaining to her the content and terms of same in language and terms she is most likely to have understood."[6]

On March 19, 2014, attorney Michael S. Connor filed a notice of appeal on behalf of Marita Boyce from the February 18th order. This court thereafter issued a 1925(b)

---

5. *See* Hearing Exhibits filed 2/19/14 (Written Deposition Pursuant to 20 Pa.C.S. §5518 of Dr. Kenneth Rosenstein, ¶23(a)).
6. *See* 3/7/14 Proof of Service

order to Mr. Connor to file a statement of matters that he intended to raise in the appeal to the Superior Court. On March 31, 2014, Mr. Connor withdrew his appearance for Marita K. Boyce, and Rosemary Ferrino entered her appearance. On April 1, 2014, Ms. Ferrino filed a nine page statement of matters complained of on appeal that raised fourteen enumerated issues. None of these issues had previously been raised before this court. If those issues had been raised, they would have been addressed. If a review hearing had been requested, it would have been granted.

## Legal Analysis

A stated purpose of the incapacity statute is to protect the rights of incapacitated persons by establishing a system that permits an incapacitated person "to participate as fully as possible in decisions that affect them" and "when guardianship services are necessary, it is important to facilitate the finding of suitable individuals or entities willing to serve as guardians." 20 Pa.C.S. § 5502 Yet, the "dangers of the incompetency statute have been recognized since its inception." *Estate of Rosengarten*, 871 A.2d 1249, 1254 (Pa. Super. 2005). As Pennsylvania courts have noted, a statute "which empowers a court to declare an individual mentally incompetent and to place such individual's business affairs in the hands of another is 'a dangerous statute easily capable of abuse....'" *Smith v. Smith*, 365 Pa. Super. 195, 203, 529 A.2d 466, 470 (1987), *app.denied*, 517 Pa. 618, 538 A.2d 500 (1988), *cert. denied* 486 U.S 1056 (1988). The incapacity statute therefore contains numerous provisions to safeguard the rights of alleged incapacitated persons. One critical provision, for instance, provides for prompt expeditious review hearings requested by the incapacitated person, guardian or any interested party. 20 Pa.C.S. §5512.2.

8

In the present case, Marita K Boyce was adjudicated an incapacitated person after two uncontested hearings held on January 7, 2014 and February 12, 2014. For a short period, she had been represented by her attorney sister, Margaret Boyce Furey, who made an entry of appearance on December 24, 2013 and filed a praecipe to demand a jury trial. The day prior to the scheduled January 7, 2014 hearing, however, Ms. Furey withdrew her entry of appearance on behalf of her sister. Ms. Furey did not appear at either hearing. As the court indicated at the beginning of the January 7th hearing, had Ms. Furey been present all efforts would have been taken to accommodate her demand for a jury trial. During her short tenure as attorney for her sister, she filed no objections to the petition for adjudication of incapacity. Although there was testimony at the February 12th hearing that Ms. Furey was named as the agent of Marita Boyce under a power attorney, Ms. Furey has not confirmed this important fact.

Under well-established Pennsylvania law, the failure to alert this court to the objections raised for the first time on appeal constitutes a waiver. Pennsylvania Rule of Appellate Procedure 302 provides: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." To preserve an issue for appellate review, "a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." *In re S.C.B., a Minor*, 990 A.2d 762, 767 (Pa. Super. 2010)(citations omitted). *See also Com. v. Olsen*, 82 A.3d 1041, 1050 (Pa. Super. 2013)(citations omitted)(Since a "defendant must make a timely and specific objection at trial or face waiver of her issue on appeal," a DUI defendant's claim that her due process rights were violated when the chemical testing form was not submitted to the jury was waived where she

failed to timely object to the fact that it was not published to the jury). While the waiver of objections on appeal comes up often in criminal cases, that issue was thoughtfully analyzed in a case involving waiver of an attorney-client privilege where the Superior Court concluded that such a privilege could be waived inadvertently by an attorney without his client's explicit authorization. *See e.g. Law Office of Douglas Harris v. Philadelphia Waterfront Partners*, 957 A.2d 1223 (Pa. Super. 2008). In support of its conclusion that the privilege had been waived, the *Harris* court noted that "waiver through counsel's failure to raise an issue before the trial court, either through explicit or implicit application of Rule 302 (a) or through common law waiver, is applied to every conceivable issue — from those involving other forms of privilege to those of constitutional magnitude." *Id.*, 957 A.2d at 1232 (citations omitted). In a sensitive case involving the termination of parental rights, a mother was deemed to have waived her objection to a hearing in the absence of her guardian ad litem where she failed to object at trial. *In re S.C.B.*, 990 A.2d 762 (Pa. Super. 2010).

In the present case, this court appointed an attorney to represent Marita Boyce at the request of the Philadelphia Corporation of the aging, the agency that filed the petition to have Marita Boyce adjudicated an incapacitated person. No objection was raised to this appointment. Indeed, this appointment of an experienced, well respected attorney to represent Marita Boyce was intended to protect her interests since Chapter 55 of the PEF code "must be interpreted and the court's actions guided by a scrupulous adherence to the principles of protecting the incapacitated person by the least restrictive means possible." *Estate of Rosengarten*, 871 A.2d 1249, 1255 (Pa. Super. 2005). As the *Rosengarten* court observed, Marita Boyce has the clear right to "appointed counsel *of her choosing*" *Id.* at

1257 (emphasis added). Although Ms. Furey entered her appearance on Marita Boyce's behalf, she withdrew as counsel before any hearing and without seeking to replace Ms. Pritchard. If Marita Boyce preferred an attorney of her own choosing to the counsel appointed by this court, her request to change representation should have been raised — and would have been granted.

While the principle of waiver applies to the issues raised on appeal, there is a more expeditious and humane approach available in this case to protect the interests of Marita Boyce. If the appeal is quashed, and jurisdiction returns to this court, a review hearing can — and should — be scheduled. This forum would give all an opportunity to assure that the interests and rights of Marita Boyce can be fully addressed and protected.